IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 6:25-cr-00041-DCC-1 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Matthew Taylor Otto McCaslan, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's counseled Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 and Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33.  ECF No. 71.  For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

On January 14, 2025, Defendant was charged in a two-count Indictment for (1) knowingly and willfully making materially false statements to United States Postal Inspection Service employees in violation of 18 U.S.C. § 1001(a)(2) ("Count One"); and (2) corruptly endeavoring to influence, obstruct, or impede the due administration of justice of the U.S. District Court of the District of South Carolina by creating false documents and providing false information to United States Postal Inspectors purporting to indicate that other persons committed the crimes for which Defendant's brother,

Johnathan C. McCaslan ("Chris"), was found guilty by a federal petit jury in violation of 18 U.S.C. § 1503(a) ("Count Two").[1]  ECF No. 1 at 1–2.

Based on the evidence presented by the Government at trial, in the wake of Chris's conviction, Defendant made multiple assertions, including to federal investigating agents, that he witnessed Officers Traeco Hoover and Jordan Smith of the Calhoun Falls Police Department create the letters that were key evidence in the case against Chris, including using powder from a container of baking soda in two of the letters.  When asked why he waited so long to report Hoover and Smith's misconduct to law enforcement, Defendant alleged that Hoover had threated him and claimed that Investigator Ben Dockins of the McCormick County Sheriff's Office advised him to sit on the exculpatory evidence until the prosecution or defense asked him about the information.  Defendant also stated that he did not report the matter to law enforcement because Hoover, along with Defendant, was a Freemason and it is contrary to the law of Freemasonry to report on a fellow Freemason.  Defendant further asserted that Smith confessed to both Chris and Defendant that he and Hoover wrote the threatening letters during a lengthy conversation with the two of them prior to Chris's arrest, and that Smith further confessed that his motive for writing the threatening letters was to criminally implicate KM, Chris's estranged spouse.

---

[1] Defendant asks the Court to withhold its ruling on his Motion until the Court of Appeals for the Fourth Circuit rules on Chris's appeal of his convictions.  ECF No. 71 at 2 n.2.  The Court finds that the Fourth Circuit's ruling in Chris's case would have no impact on the outcome of Defendant's Motion because the issues presented herein are unrelated to those pending before the Fourth Circuit.  *See United States v. McCaslan*, No. 24-4670, ECF No. 12 (4th Cir. Mar. 18, 2025) (Chris McCaslan's Appellate Brief).  Accordingly, the Court declines Defendant's request.

However, contrary to Defendant's claims, no baking soda was found in the threatening letters purportedly written by Hoover and Smith.  Additionally, if Hoover and Smith had sabotaged the chain of custody for the letters as Defendant stated, then this conduct would have undermined Defendant's contentions that Hoover and Smith planned to have KM criminally prosecuted for the letters.  Defendant's reasons for delay in reporting the information were contradicted by Hoover's death six months before trial thereby negating his threats against Defendant; Dockins' testimony that he had never informed Defendant to sit on exculpatory information rather than bring that information directly to law enforcement; and Dockins's testimony that there is no constitution, guideline, or policy within the Freemasons that prevent a member from reporting on illegal criminal activity of another member.  Further, according to Defendant, Chris knew that Hoover and Smith were the real culprits and thus Defendant's efforts to bring the information to Chris's counsel, Andy Moorman, and others after the trial was nonsensical because Chris could have provided the same information many months prior to the trial.

This case proceeded to a jury trial on October 27–29, 2025.  ECF Nos. 62, 65, 67.  The jury returned a guilty verdict on both counts.  ECF No. 69.  Defendant filed a written Motion for Judgment of Acquittal, or in the Alternative, for a New Trial on November 28, 2025.[2]  ECF No. 71.  The Government filed a Response in Opposition on December 4, 2025.  ECF No. 73.  The Motion is now before the Court.

---

[2] At the conclusion of trial, the Court granted counsel for Defendant leave to file any post-trial motions within thirty days.  See ECF No. 67.

## II.  APPLICABLE LAW

### A.  Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).  "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt."  *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982).  "In determining the issue of substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses."  *United States v. Gillion*, CR/A No. 3:10-cr-00834-JFA, 2011 WL 3471485, at *2 (D.S.C. Aug. 8, 2011) (citing *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983)).

To determine whether a defendant meets the "heavy burden" provided under the rule, the question becomes whether "any rational trier of facts could have found the defendant guilty beyond a reasonable doubt."  *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (quoting *United States v. Bynum*, 604 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted), *cert. denied*, 560 U.S. 977).  The court must "view[ ] the evidence in the light most favorable to the government," keeping in mind that "the jury . . . weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  *McLean*, 715 F.3d at 137 (quoting *Burgos*, 94 F.3d at 862).  If multiple interpretations can be reasonably deduced from the evidence, "the jury decides which interpretation to believe."  *See id.* (citing *Burgos*, 94 F.3d at 862).  Reversal of a conviction

4

is traditionally required when, regardless of proper jury instructions, "no rational trier of fact could find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979) (citations omitted).

## B. Motion for New Trial

Federal Rule of Criminal Procedure 33 provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial under Rule 33 must be filed within 14 days of the verdict, except for a claim of newly discovered evidence. Fed. R. Crim. P. 33(b)(2). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). "In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government" and "may evaluate the credibility of witnesses." *Id.* However, a trial court "should exercise its discretion to grant a new trial sparingly," and should grant it "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted)); *see also United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (noting "a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it" (quoting *Perry*, 335 F.3d at 320)).

## III. DISCUSSION

**A. Judgment of Acquittal**

Defendant argues a judgment of acquittal is proper here because there was insufficient evidence to support a jury verdict. ECF No. 71 at 5. Defendant further contends that the Government improperly asked jurors to speculate as to why Chris's counsel, Mr. Moorman, did not include Defendant's information in the new trial motion filed in Chris's case. *Id.* Defendant also takes issue with the Court's charges to the jury. *Id.* at 3–4.[3] The Government contends sufficient evidence existed as to both counts for a reasonable jury to convict Defendant. ECF No. 73 at 2–8. The Court addresses these arguments below.

    1. <u>Sufficiency of the Evidence</u>

Defendant contends that the Government did not present sufficient evidence to support the jury's guilty verdict against him. ECF No. 71 at 4–5. The only evidence that Defendant specifically takes issue with is the testimony of Mr. Moorman.[4] *Id.* at 1–4.

---

[3] Defendant argues that the legal errors he identifies in his brief are grounds for ordering a new trial and that the Court should also consider these alleged legal errors in conjunction with its analyses of his Motion under Rules 29 and 33. *See* ECF No. 71 at 4. The Court addresses the alleged errors related to the Court's instructions to the jury under its Rule 29 analysis but notes this analysis is applicable to both its ruling related to Rule 33 and generally on Defendant's request for new trial.

[4] Prior to trial, Defendant challenged the admissibility of Mr. Moorman's testimony. *See* ECF Nos. 42, 57. Relying on *In re Grand Jury Subpoena*, 870 F.3d 312 (4th Cir. 2017), the Court found that, to prevent potential infringement upon the attorney-client privilege or work product doctrine arising out of Mr. Moorman's representation of Chris, testimony elicited from Mr. Moorman should be limited to factual testimony. *See* ECF No. 60. Defendant does not argue that the testimony of Mr. Moorman as given at trial was inadmissible or outside the limitations of factual testimony as set by the Court. *See* ECF No. 71. Rather, it appears that Defendant argues solely that the Government's argument that Mr. Moorman's testimony demonstrated or implied that Defendant's statements were false was "speculative" and asked the jury to make "assumptions upon assumptions." *Id.*

6

Defendant does not address the sufficiency of any of the other evidence presented by the Government at trial. *See id.* The Government contends that sufficient evidence existed as to both counts for a reasonable jury to convict Defendant. *See* ECF No. 73. The Court addresses each count below.

  a. *Count One*

A conviction under 18 U.S.C. § 1001(a)(2) for false statements to a department or agency of the United States requires that: (1) the Defendant made the statement, as charged; (2) the statement was false; (3) the falsity concerned a material matter; (4) the Defendant acted willfully, knowing that the statement was false; and (5) the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States. 18 U.S.C. § 1001(a)(2); *see also United States v. Hamilton*, 699 F.3d 356, 362 (4th Cir. 2012). In the Indictment, the Government alleged three false statements by Defendant in the indictment: (1) in October and November 2021 Defendant saw Hoover and Smith creating false correspondence ("Statement One"), (2) on May 8, 2022, Smith admitted that he and Hoover purposefully tainted evidence and chose not to create a chain of custody log ("Statement Two"), and (3) in or about May 2024 Deputy Ben Dockins advised Defendant to wait for prosecution and/or defense attorneys to contact him rather than reporting alleged evidence of a crime ("Statement Three"). ECF No. 1 at 1. The Court instructed the jury that to convict on Count One it must find unanimously that one or more of the three false statements enumerated was proven

---

at 3–4. To the extent that Defendant does challenge the admissibility of Mr. Moorman's testimony, the Court finds that the testimony given at trial did not go outside the scope of factual testimony and was admissible, in accordance with the Court's prior ruling. The Court addresses Defendant's contentions regarding the Government's arguments and implications related to Mr. Moorman's testimony herein.

beyond a reasonable doubt.  ECF No. 63 at 25.  Defendant generally challenges whether sufficient evidence existed for a jury to conclude the Government proved beyond a reasonable doubt that Defendant made false statements as alleged in Count One.  ECF No. 71 at 5.  Defendant specifically challenges the jury's consideration of Mr. Moorman's testimony concerning the arguments raised in post-trial motions and on appeal as "speculative" and argues that a conviction based on speculation is a conviction that is not based on proof beyond a reasonable doubt.  *Id.* at 3–4.

As to Mr. Moorman's testimony, the Court finds Defendant's arguments about the speculative nature of Government's arguments related to this evidence to be wholly unpersuasive to meet Defendant's burden under Rule 29 to show that no "rational trier of facts could have found the defendant guilty beyond a reasonable doubt."  *Hickman*, 626 F.3d at 763.  As an initial matter, Defendant does not attack the sufficiency of the evidence itself, but rather the Government's arguments about what inferences could be drawn from this evidence.  *See* ECF No. 71.  The role of the jury is to "weigh[] the credibility of the evidence and resolves any conflicts in the evidence presented."  *McLean*, 715 F.3d at 137 (quoting *Burgos*, 94 F.3d at 862).  As indicated above, if multiple interpretations can be reasonably deduced from the evidence, "the jury decides which interpretation to believe."  *See id*.  Mr. Moorman testified solely that the post-trial brief and appellate briefs related to Chris's case did not contain any of the statements made by Defendant in arguing that the judgment against Chris be set aside.  As noted by the Court at trial, both the Government and Defendant may argue that certain inferences be drawn from circumstantial evidence like the testimony of Mr. Moorman and it is up to the jury to decide which inference it believes.  Defendant's argument that the Government improperly asked

8

the jury to "speculate" by drawing inferences about what this evidence means runs contrary to the established standard that the jury is to weigh the evidence.

Even without considering the testimony of Mr. Moorman, the Government presented ample evidence from which the jury could find that Defendant willfully and knowingly made the three enumerated false statements to federal investigating officers related to the criminal litigation against Chris. The Government's evidence included a letter initialed by the Defendant containing these statements, submission of a recorded interview with federal investigation agents, and Defendant's own in Court testimony repeating these statements at trial. As to Statement One and Statement Two, the Government presented the testimony of Smith, who testified that he did not write the letters or tell Defendant that he intentionally sabotaged the chain of custody of said letters. The Government further presented evidence that the letters did not contain baking soda, further undermining the veracity of Defendant's statements that he witnessed Hoover and Smith use powder from a baking soda box to fill two of the letters with white powder. As to Statement Three, the Government presented Dockins's testimony at trial, wherein he denied ever having a conversation with Defendant about waiting for the prosecution or defense to call him. Dockins also testified that he would never give such advice and endanger his law enforcement certifications. The Government also presented ample evidence that the falsity of Defendant's three statements concerned a material matter, i.e., Chris's case that was pending in federal district court. The Government presented evidence, including testimony from investigating officers from the proceedings against Chris, that Defendant's statement concerning these letters and why he did not come forward sooner would undermine the verdict in Chris's case.

9

Viewing the evidence in the light most favorable to the Government, the Court finds that sufficient evidence exists to support the jury's verdict finding Defendant guilty beyond a reasonable doubt of making false statements in violation of 18 U.S.C. § 1001(a)(2). Accordingly, the motion for judgment of acquittal pursuant as to Count One is denied.

b. *Count Two*

A conviction under 18 U.S.C. § 1503(a) for obstruction of justice requires proof beyond a reasonable doubt that the Defendant knowingly and corruptly tried to influence, obstruct, or impede the due administration of justice in a proceeding before any court of the United States.  The Government presented ample evidence to show that Defendant acted corruptly to influence the proceeding against Chris by fabricating a story about Hoover and Smith's conduct pertaining to the letters, which were key pieces of evidence in Chris's trial.  Such evidence includes the timing of Defendant's disclosures; the testimony of Smith denying any involvement with the letters or intentional sabotaging of the chain of evidence; Dockins's testimony that he did not tell Defendant to refrain from coming forward with this information until the prosecution or defense asked him about it; evidence concerning the absence of baking soda in the threatening letters, contrary to Defendant's story that Hoover and Smith used a container of baking soda when writing the letters; Defendant's failure to come forward with information after Hoover died, which occurred months before Chris's trial; failure to inform Chris that Hoover and Smith went through his divorce papers kept at the fire department, which supposedly occurred before Hoover allegedly threatened Defendant; paperwork that Defendant provided to Mr. Moorman in February 2024, prior to Chris's trial, which made no mention of Hoover or Smith's involvement; and Defendant's own statements and testimony that Chris was

10

aware of Hoover and Smith's involvement, indicating that Chris could have told Mr. Moorman and utilized this information in his own defense at his trial but did not do so.

Again, Defendant generally challenges the sufficiency of the Government's evidence, but only specifically attacks the Government's reliance on Mr. Moorman's testimony concerning the contents of post-trial motions and appellate briefs in Chris's case. ECF No. 71 at 1–5. For the reasons set forth above, the Court finds that Mr. Moorman's testimony was well within the scope set by the Court prior to trial and the Government's arguments pertaining to Mr. Moorman's testimony were permissible as reasonable inferences to be drawn from the evidence as a whole. However, even without Mr. Moorman's testimony, or the Government's arguments related thereto, viewing all the other evidence presented at trial in the light most favorable to the Government, the Court finds there was sufficient evidence to support the jury's verdict finding Defendant guilty beyond a reasonable doubt of knowingly and corruptly trying to influence, obstruct, or impede the due administration of justice in Chris's case before this Court in violation of 18 U.S.C. § 1503(a). Accordingly, the motion for judgment of acquittal pursuant as to Count Two is denied

2. Instructions to the Jury

Defendant further argues that the alleged speculation by the jury was compounded by the Court's instruction on circumstantial evidence, and the Court erred in giving this instruction to the jury.[5] ECF No. 71 at 4. The Government contends that the Court's instruction on circumstantial evidence was proper. *See* ECF No. 73.

---

[5] Defendant's arguments of error regarding jury instruction are focused on the Court's instruction concerning circumstantial evidence. *See* ECF No. 71 at 4. However, in his briefing, Defendant also mentions his request for instructions to the jury regarding

11

The Court gave the following instruction on circumstantial evidence: "Circumstantial evidence is treated no differently than direct evidence and may be sufficient to support a verdict of guilty, even though it does not exclude every reasonable theory consistent with innocence." ECF No. 63 at 4. Relying on *Holland v. United States*, 348 U.S. 121, 139-40 (1954), Defendant argues that the Court's instruction that circumstantial evidence need "not exclude every reasonable theory consistent with innocence" was "confusing and incorrect." *Id.* The Court disagrees.

As an initial matter, the Court finds Defendant's reliance on dicta in *Holland* to be inapposite. In *Holland*, the Court found that the defendant's contention that the jury instructions were erroneous and misleading when the trial court refused to "instruct that where the Government's evidence is circumstantial it must be such as to exclude every

---

consideration of Mr. Morman's failure to use Defendant's information in Chris's post-trial motions as well as an instruction on what issues may be considered on appeal. *See id.* at 3. Defendant does not assert in his brief that it was error for the Court to not give these instructions to the jury. *See id.* In an abundance of caution, however, the Court has considered whether its failure to give these instructions was legal error. A Court's decision not to give a requested instruction by the criminal defendant "amounts to reversible error only if the proffered instruction: (1) was correct, (2) was not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction seriously impaired the defendant's defense." *United States v. Hager*, 721 F.3d 167, 184 (4th Cir. 2013) (citation omitted). "Even if these factors are met, however, failure to give the defendant's requested instruction is not reversible error unless the defendant can show that the record as a whole demonstrates prejudice." *Id.* (citation omitted). As the Court explained at the jury charge conference in denying Defendant's requests to charge, the jury can draw inferences from circumstantial evidence and counsel was permitted to argue on both sides what type of inference could be drawn from this evidence. Additionally, as discussed herein, the evidence before the jury, even without considering Mr. Moorman's testimony about Chris's post-trial motions or appeal, was sufficient to support a guilty verdict. Defendant has failed to show that failure to give these instructions seriously impaired his defense nor has he shown that the record as a whole demonstrates prejudice. Accordingly, the Court finds there was no legal error in failing to give these instructions and, to the extent Defendant argues these errors support his requests for acquittal and new trial, his Motion is denied.

12

reasonable hypothesis other than that of guilt" did not support reversal. 348 U.S. at 139. The Court, in dicta, acknowledged that "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." *Id.* Since *Holland* has been decided, the Fourth Circuit repeatedly has cited this case for the contention that the Government need not exclude every reasonable hypothesis consistent with innocence—the same language that Defendant now challenges. *See, e.g.*, *United States v. Taylor*, 202 F.3d 262, at *1 (4th Cir. 2000); *United States v. Burgos*, 94 F.3d 849, 858, 866, 893 (4th Cir. 1996); *United States v. Van Fossen*, 460 F.2d 38, 40 (4th Cir. 1972). Indeed, the instruction given by the Court comes directly from Fourth Circuit case law. *United States v. Jackson,* 863 F.2d 1168, 1173 (4th Cir.1989) ("[C]ircumstantial evidence is treated no differently than direct evidence and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence."). Accordingly, the Court finds that its instruction on circumstantial evidence was proper, and Defendant's Motion is denied on these grounds.

**B.  Motion for New Trial**

For these same reasons, the Court finds that Defendant's Motion for New Trial must be denied. Even applying the Court's broader authority of review under Federal Rule of Criminal Procedure 33 and evaluating the credibility of the witnesses that testified at trial, the Court finds that the record, as set forth above, demonstrates that the Government put forth sufficient evidence to support Defendant's conviction. Accordingly, this is not a "rare circumstance" where evidence weighs heavily against the jury's verdict

requiring the Court to grant a new trial. *See Smith*, 451 F.3d at 217. Accordingly, Defendant's Motion for New Trial is denied.

### IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment of Acquittal, or in the Alternative, for a New Trial [71] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 13, 2026
Spartanburg, South Carolina